IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| DEXTERALAN KEITH LADNER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 4:14-CV-277-CDL |
| | : | |
| COLUMBUS CONSOLIDATED GOVERNMENT, | : | |
| | : | |
| Defendant. | : | |

### ORDER

Plaintiff Dexteralan Ladner requests an extension of time to pay the filing fee and for the Court to appoint counsel to represent him in this case. (ECF No. 5.) Plaintiff's request for an extension of time is hereby granted. Plaintiff shall pay the filing fee as ordered by the Court in its November 5, 2014 Order (ECF No. 4) on or before November 28, 2014 or his complaint will be dismissed.

As to Plaintiff's request for appointment of counsel, the Court finds that appointment of counsel is not warranted at this time. Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of Plaintiff's claim and the complexity of the

issues presented.  *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).

Plaintiff has set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent.  Plaintiff therefore has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*.  Accordingly, Plaintiff's motion for appointment of counsel is denied.

SO ORDERED, this 17th day of November, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE